UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PHILLIP L. GREEN, )
)
Petitioner, )
)
v. ) No. 1:17-cv-00072-JMS-DLP
)
SUPERINTENDENT New Castle Correctional )
Facility, )
)
Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Phillip L. Green for a writ of habeas corpus challenges a prison disciplinary proceeding, NCF 16-02-0153, in which he was found guilty of sexual conduct. For the reasons explained in this entry, Mr. Green's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On February 21, 2016, Captain R. Adams issued a Report of Conduct charging Mr. Green with a violation of Code B-216, sexual conduct. The Report of Conduct states:

> On Sunday, February 21, 2016, at approximately 1951 hours, I Captain R. Adams was reviewing video footage of check point D, when I witnessed offender Phillip Green #238237 and offender Corey Craig #156913 walking passed the elevator towards chow hall 1 door and went out of video footage. I Captain Adams checked on both offenders. I witnessed offender Green standing with his back against the wall with both of his hands on top of offender Craig's head while his penis was inside his mouth. When asked about the incident, offender Green admitted to being involved in sexual conduct with offender Craig. Offender Green was advised that he will be receiving a conduct report for code violation B-216 (sexual conduct).

Dkt. 13-1.

Mr. Green was notified of the charge on February 23, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 13-2. Mr. Green requested as witnesses Sergeant Gard and offender C. Craig. *Id.* He also requested a review of the camera on February 21, 2016, at 1951 on check point D. *Id.*

Sergeant Gard stated:

> While in Medical I asked Offender Green #238237 what he and Offender Craig #156913 were doing by the entrance of chow hall one. Green said, "I was touching his penis on the outside of his clothes." I then asked if the situation was consensual or if Craig made him do it, Green replied, "It was consensual."

Dkt. 13-3.

Sergeant Gard also submitted a second statement:

> I did not see any sexual act between Green and another offender. However Green did say he was touching offender Craig #156913 on the penis outside of his clothing.

Dkt. 13-4.

Offender Craig submitted a statement that, "On Sunday, February 21 2016 me and Green was not having sexual condact [sic] with each other." Dkt. 13-5.

A summary of the video was prepared, stating:

> The video for the above case was reviewed as the offender requested. Video shows offenders Green, Phillip #238237 and Craig, Corey at check point D then look around as they move off camera to the entrance to chow hall 1. Camera does not record sound.

Dkt. 13-6.

The Hearing Officer conducted a disciplinary hearing on March 1, 2016. Dkt. 13-8. The Hearing Officer noted that Mr. Green submitted a lengthy written statement. Dkt. 13-8, pp. 2-3. The Hearing Officer considered the conduct report, the video evidence, and all of the statements and concluded that Mr. Green was guilty of sexual conduct. The sanctions included commissary and phone restrictions, less than 15 days in disciplinary segregation, the deprivation of 90 days of earned credit time, and the demotion from credit class I to II. Dkt. 13-8, p. 1. The Hearing Officer imposed the sanctions because of the seriousness and nature of the offense and the degree to which the violation disrupted/endangered the security of the facility. *Id.*

Mr. Green filed an appeal to the Facility Head, which was denied. Dkt. 13-9. He then appealed to the Final Review Authority, who denied the appeal on April 12, 2016. Dkt. 13-10.

### III. Analysis

Mr. Green argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) he did not receive an adequate statement of the findings and reason for finding him guilty; 2) the video did not support a guilty finding; 3) he was denied his right to have his witness Sergeant Gard present live testimony; and 4) he was denied an impartial decision-maker. Dkt. 1, p. 2.

The respondent argues that Mr. Green did not exhaust his claims by including them in his appeals, and that they are therefore procedurally defaulted. Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002).

On appeal, Mr. Green argued that the only evidence against him was the conduct report and that the conduct report was wrong. Dkt. 13-9, p. 2. He asserted that what the conduct report said never happened. He argued that the conduct report did not accurately state his and the other offender's positions when they were seen. He further asserted that Sergeant Gard entered at the same time as Adams but Sergeant Gard stated that he saw no sexual activity. Mr. Green argued on appeal that the conduct report was written out of anger and prejudice, and was based on assumptions.

The Court agrees that the four specific issues brought in this case were not raised on appeal and that Mr. Green has not shown cause or prejudice. The Court also finds, however, that claim 2 should be construed as a challenge to the sufficiency of the evidence, the claim that was raised on appeal. Therefore, the Court will consider the sufficiency of the evidence.

Mr. Green argues that the conduct described in the conduct report did not take place and that Sergeant Gard said that he did not see any sexual act between Mr. Green and the other offender. Mr. Green is essentially asking the Court to reweigh the evidence, which is something the Court cannot do. Sergeant Gard's statement as to what he saw was considered by the Hearing Officer. The Hearing Officer considered the conduct report, the witness statements, and Mr. Green's statement. Dkt. 13-8. He still found Mr. Green guilty.

Unfortunately for Mr. Green, "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

"Sexual conduct" B-216 is defined in the Indiana Department of Correction ("IDOC"), Adult Disciplinary Process, Appendix I: Offenses (June 1, 2015), as engaging in any of the following:

> • Sexual intercourse, as defined in this Administrative Procedure, with the consent of the other offender
> • Making an explicit request, hiring, or coercing another person to have sexual contact
> • Having contact with or performing acts with an animal that would be sexual intercourse or sexual contact if with another offender
> • Clutching, exposing, fondling, or touching the offender's own intimate parts for the sexual arousal of the offender or others, whether clothed or unclothed, while observable by others.

In Mr. Green's own statement, he admitted to begging the other offender to meet him. Dkt. 13-8, p. 2. He also stated that "Corey was the one against the wall, not me. I was the one with my hands on him, not vise [sic] versa." *Id.* Sergeant Gard reported that Mr. Green told him

that Mr. Green touched the other offender's penis through his clothing. The conduct to which Mr. Green admitted appears to satisfy the second prong of the above definition of "sexual conduct." Touching another man's penis, even if through his clothing, meets the IDOC definition of sexual contact. *See* B-204 defining "sexual contact" as including "intentional touching, either directly or through the clothing, of the genitalia…" There is *some* evidence in the record that supports the finding of guilt in this case. Even though the video evidence did not support a finding of guilt, the conduct report, along with Sergeant Gard's second statement and Mr. Green's admission, constituted sufficient evidence in this case.

Mr. Green was given proper notice and had an opportunity to defend the charge. The Hearing Officer described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Green's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Green's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/7/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

PHILLIP L. GREEN
238237
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362